# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 24, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**BRANDY L. ADDISON,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1180** (BOR Appeal No. 2047184)
                (Claim No. 2010115681)

**BECKLEY ONCOLOGY ASSOCIATES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brandy L. Addison, by John H. Shumate Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Beckley Oncology Associates, Inc., by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 14, 2012, in which the Board affirmed a May 3, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 26, 2011, decision which denied the addition of degeneration of cervical intervertebral disc to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Addison, a registration clerk, was injured in the course of her employment while she was trying to move a desk on November 23, 2009. Her claim was held compensable for sprain/strain of the rotator cuff, neck, and thoracic regions. Her treating physician, Richard Vaglienti, M.D., indicated in a June 14, 2011, treatment note that Ms. Addison suffered from myofascial pain syndrome, degeneration of cervical intervertebral disc, and cervical sprain. He opined that she was temporarily and totally disabled from June 14, 2011, through December 31, 2011. He later extended the period to June of 2012.

1

Ms. Addison underwent an independent medical evaluation by Prasadarao Mukkamala, M.D., on May 9, 2011. In that evaluation, he found that Ms. Addison had reached maximum medical improvement for her compensable condition and was capable of returning to work. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th Edition, 1993), he assessed 11% whole person impairment. Dr. Mukkamala performed a second independent medical evaluation on July 20, 2011. He again found that Ms. Addison had reached maximum medical improvement. Using the American Medical Association's *Guides,* he assessed 12% whole person impairment. Rebecca Thaxton, M.D., performed a physician review on September 6, 2011, in which she recommended denying the addition of degeneration of cervical intervertebral disc to the claim. She noted that degenerative diseases are progressive in nature and the requested diagnosis would not have been caused by Ms. Addison's lifting injury. She also found that the diagnosis update request by Dr. Vaglienti failed to relate the degenerative disease to the claim.

The claims administrator denied the addition of degeneration of cervical intervertebral disc to the claim on October 26, 2011. The Office of Judges affirmed the decision in its May 3, 2012, Order. It found that Ms. Addison failed to sustain her burden of proof to establish that the requested diagnosis is related to the compensable injury. Specifically, Dr. Vaglienti's attending physician's report failed to relate the requested diagnosis to the claim. His June 14, 2011, treatment note listed the diagnosis but did not provide an explanation for it and did not address or list the compensable injury. The Office of Judges concluded that Dr. Vaglienti failed to provide any explanation as to why the diagnosis should be added to the claim two years after the compensable injury occurred.

Ms. Addison argued that the claims administrator's decision relied upon Dr. Thaxton's physician review and was not supported by substantial evidence. The Office of Judges found that the decision did rely in part upon Dr. Thaxton's review and that Dr. Thaxton did not actually examine Ms. Addison. However, Dr. Thaxton's report does not aid Ms. Addison in demonstrating that the requested diagnosis is related to the claim. Dr. Thaxton reached the opposite conclusion; that degenerative disc disease was a naturally progressing disease and was not caused by the compensable injury. Ms. Addison also argued that Dr. Mukkamala's May 9, 2011, report was an unreliable basis to deny the addition of the requested diagnosis. Dr. Mukkamala opined in that report that Ms. Addison had 11% whole person impairment and then contradicted himself in a later report by assessing 12% whole person impairment. The Office of Judges determined that the present issue does not involve permanent impairment, and the variation in the assessments does not invalidate Dr. Mukkamala's medical opinion that Ms. Addison's cervical disc disease is unrelated to her compensable injury. Accordingly, the Office of Judges concluded that a preponderance of the evidence failed to demonstrate that degeneration of cervical intervertebral disc is a compensable component of the claim.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 14, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Ms. Addison has failed to establish that the requested diagnosis is a compensable component of this claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 24, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II